John H. Farnham, J.
The plaintiff has brought actions on 16 separate promissory notes against the defendant. Mott, the sole defendant in all 16 actions, moves to dismiss the complaints under subdivision 2 of rule 107 of the Rules of Civil *706 Practice, Both parties are residents of New York State. It appears the plaintiff is assignee of the Admiral Credit Corporation, hereinafter called Admiral, a Delaware corporation, with its home office in Chicago, Illinois. Admiral’s business is financing dealer purchasers of Admiral Corporation (a separate corporation) and parent products.
Defendant Mott is a retail appliance dealer at Cato, New York. Reiner Distributors, Inc., is a New York corporation and is a wholesale distributor of Admiral Corporation’s products in ports up-State New York, buying them from the former corporation at wholesale and selling them to retailers.
Admiral, Reiner and Mott entered into a business arrangement which was substantially as follows: Reiner desired to sell Admiral Corporation products to Mott. The latter needed financing in order to purchase from Reiner and Admiral provided this financing. The financing took the following form: Mott signed, Form No. 1 — an “ authorization for signature to Expedite Wholesale Financing Form No. 2 — a “ Statement of Trust Receipt Financing Form No. 3 — a “ Dealers application and statement ’ ’. Admiral accepted the arrangement at its Chicago office. Form No. 2 was filed in the office of Secretary of State of New York. Thereafter, Reiner shipped to Mott and Admiral paid Reiner. At this point Mott had not signed any notes. Other papers were signed at various times but they are not material to this motion. Later, when Mott was unable to pay for his purchases, Admiral, pursuant to Form No. 1, had an employee in Chicago sign the notes on Mott’s behalf for purpose of suit.
The Admiral Credit Corporation has never filed a certificate to do business in this State pursuant to section 210 of the General Corporation Law. The defendant moves to dismiss the complaints under subdivision 2 of rule 107 of the Rules of Civil Practice and bases his argument on Admiral’s failure to file pursuant to section 210. It is claimed by defendant that section 218 of the General Corporation Law, therefore, bars the suit.
Defendant claims Admiral does business in New York, and that the notes were in legal effect signed in New York at Cato by Mott pursuant to Form No. 2.
Both parties have filed extensive memoranda of law. Plaintiff claims the notes were signed in Chicago and that Admiral does not do business in New York, pursuant to section 210. Three issues must be decided. First, was Admiral doing business in New York sufficiently to bring it within the purview of section 210? Second, were the notes made in New York? And, third, *707 was Admiral’s business sufficiently interstate in nature to remove the bar of section 218.
As to the first question, the court does not believe that Admiral was doing business in New York within the meaning of section 210 as interpreted by our courts both State and Federal. While business operations of this type do not seem to have been passed upon by New York courts, as yet, other jurisdictions have done so. Admiral had no office for the transaction of business in New York. Its arrangements in essence always were made through its Chicago office.
At this point plaintiff is entitled to the benefit of every favorable inference in construing the sufficiency of the complaint and it is beyond the powers of the court to conjecture what the proof may be on the trial. (Denihan Enterprises v. O’Dwyer, 302 N. Y. 451.) The court believes that Admiral Credit was neither doing business in New York at the time in question nor were the individual notes made in New York.
“ Doing business ” under section 210 of the General Corporation Law has been held by our courts to be something more than having contact with a New York resident. The section cannot be taken liberally. (International Fuel & Iron Corp. v. Donner Steel Co., 242 N. Y. 224.) An examination of the New York authorities fails to reveal a case similar in nature to the one before us insofar as the method of operation of Admiral Credit is concerned.
The case of Davis & Worrell v. General Motors Acceptance Corp. (153 Ark. 626) seems fairly similar on the facts. In this Arkansas case, a foreign corporation bought up commercial paper from car dealers in Arkansas. It furnished the dealers the forms and even investigated the buyers. It accepted the paper in Texas and made payment from Texas. It did business with over 40 different car dealers in the State on the same basis. It was held not to be doing business within the purview of the Arkansas statute similar to section 210 in New York. General Motors Acceptance Corp. v. Shadysicle Coal Co. (102 W. Va. 402), a West Virginia case with very similar facts arrived at the same conclusion.
The court further holds that the notes sued upon were not made in New York but in Chicago, Illinois. Effect must be given to substance not form. The defendant agreed by means of the “ authorization for signature ” Form No. 1 (supra), that Admiral could sign these notes on his behalf, and this was accomplished in Illinois. The fact that the notes carried “ Cato, N. Y.” on their face does not abolish the foregoing fact.
*708 The court is mindful of the fact that Admiral Credit derived a great deal of business from its contacts in New York State and that the method of signing the notes in question was unusual. However, Admiral Credit had no office in New York and sold no products in this State. The essential elements in the transaction, acceptance of the papers signed by the defendant and signing of the notes, all took place without the State of New York. The fact that Admiral Credit dictated to its wholesale distributors the method of operation and often sent employees into the State to check on its wholesalers and their retailers does not change the basic nature of the transaction.
In the light of the court’s holding on the first two questions, the third is academic and the mandate and restriction of section 218 of the General Corporation Law by the interstate nature of Admiral’s business do not apply. Motion denied, with $10 motion costs.